**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Hester Sophia Weihmann,

Defendant.

Case No. 26-cr-00175 (JRT/ECW)

**CASE MANAGEMENT ORDER**

A grand jury of this District returned an indictment in this case, which was docketed on September 24, 2026. (Dkt. 1.) Defendant Hester Sophia Weihmann made her initial appearance before Magistrate Judge Elsa M. Bullard on September 29, 2026. Defendant was present in court with her attorney at the time, Dan Huddleston. The United States of America ("the Government") was represented by Garrett Fields, Assistant United States Attorney.

Defendant identified herself by name and age; waived the reading of the indictment; and entered a plea of not guilty. The Court held a status conference regarding discovery, disclosures, and the case schedule on October 29, 2026. (Dkt. 21.) The Court set the deadline for pretrial motions as **December 10, 2026**. In the interests of judicial economy and speedy trial considerations, the Court addresses certain matters in this Order which frequently arise through non-dispositive motion practice without the need to have the parties file motions on those matters. Defendant or the Government may object

to these requirements by filing a Motion to Modify this Order on or before **December 10, 2026** to be heard by the undersigned.

**MOTION AND NOTICE DEADLINES**

Pursuant to Local Rule 12.1, **IT IS ORDERED** that:

1. All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **December 10, 2026**.

2. All responses to motions must be filed by **December 24, 2026**.

3. Any Notice of Intent to Call Witnesses must be filed by **December 24, 2026**.

4. Any Responsive Notice of Intent to Call Witnesses must be filed by **December 30, 2026**.

5. **If there is no need for a motions hearing, either because no motions were filed, or for any other reason, both counsel must electronically file a letter saying so on or before December 10, 2026 or immediately upon the occurrence of the event making a motions hearing unnecessary if that event occurs after December 10, 2026.**

6. If required, the motions hearing shall be heard before Magistrate Judge Elizabeth Cowan Wright on **January 11, 2027, at 10:00 a.m.**, in **Courtroom 3C**, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

**NON-DISPOSITIVE MOTIONS**

7. The Government made all disclosures required by Federal Rule of Criminal Procedure 16(a) on October 6, 2026. To avoid the need for a recess of the motions

hearing, the Government is requested to make, by **December 30, 2026**, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

8. Defendant must make all disclosures required by Federal Rule of Criminal Procedure 16(b) by **November 30, 2026**.

9. On or before **December 3, 2026**, counsel for Defendant and counsel for the Government must meet for a discovery conference in person or by telephonic or similar means. All motions asking the Court to take any action concerning a non-dispositive issue must be filed on or before **December 10, 2026**.

10. Defendant must comply with the Federal Rules of Criminal Procedure requiring advance notice of the affirmative defenses of Alibi, Insanity/Mental Illness (Rule 12.2) and Public Authority (Rule 12.3) by providing the notices on or before **December 10, 2026**.

11. Within ten (10) days of the date of this Order, the Government must disclose all *Brady*/*Giglio*[1] information in its possession or of which it has become aware as of the date of this Order, if not previously disclosed, and must promptly supplement its disclosure upon receipt of any additional *Brady*/*Giglio* information not previously disclosed.

12. The Government is ordered to preserve the rough notes of the law enforcement officers who participated in the investigation of this case. Disclosure of rough notes, however, is not required by this Order.

---

[1] *See Giglio v. United States*, 405 U.S. 150 (1972).

13. The Court cannot require the parties to disclose witness statements before a witness testifies at a trial or hearing. The Jencks Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500. The Eighth Circuit has repeatedly held that the Government cannot be required to make pretrial disclosure of Jencks Act material. *See, e.g.*, *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984). However, to avoid unnecessary delay of a hearing or trial, the Court urges the parties to voluntarily disclose witness statements at least one week before any hearing or trial. This paragraph does not alter the Government's obligations with respect to material required to be disclosed by *Brady*, *supra*, and its progeny.

14. The parties should address trial matters such as voir dire, severance, and the sequestration of witnesses with the District Judge.

15. No later than 21 days before the commencement of trial, the Government shall disclose Rule 404(b) evidence of crimes or acts which are not inextricably intertwined with the charged crime. *See Buchanan v. United States*, 714 F.3d 1046, 1048 (8th Cir. 2013). To the extent the Government becomes aware of additional Rule 404(b) evidence after that disclosure, it shall promptly disclose that evidence. Nothing in this Order requires the Government to produce evidence regarding acts which are intrinsic to the charged offense. However, if the Government believes that evidence at issue might be "intrinsic" to the charged offenses, but recognizes that it may present a close call as to

whether it is covered by Rule 404(b), the Government should include such information in the notice required by this Order so that its admissibility can be addressed ahead of trial, if needed.

16. Consistent with *Roviaro v. United States*, 353 U.S. 53 (1957), *United States v. Padilla*, 869 F.2d 372 (8th Cir. 1989), and their progeny, the Government shall disclose the identity of any informant who was a material witness to the charged conduct and make any such informant available no later than 10 days ahead of any trial in this matter.

17. The parties must disclose the identity of any expert witness and make all expert disclosures required by Federal Rule of Criminal Procedure 16 no later than 28 days before trial. The parties must disclose the identity of any expert who will testify in rebuttal of an expert witness and make all disclosures as to such expert required by Federal Rule of Criminal Procedure 16 no later than 14 days before trial.

**DISPOSITIVE MOTIONS**

18. All dispositive motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **December 10, 2026**. All motions must be accompanied by a meet and confer statement that is signed by the attorney filing the motion. The parties must meet and confer in a good faith attempt to narrow the issues presented by the motion, and to ensure that both parties are aware what witnesses and evidence they potentially will need at a motions hearing. The meet and confer process must be conducted either in person or by telephonic or similar means. The meet and confer statement filed with the Court must

state the date, time, manner (in person or telephonic), and outcome of the meet and confer process.

If Defendant files a motion to suppress, the accompanying memorandum must detail the specific facts and circumstances supporting suppression. Fed. R. Crim. P. 47(b) ("A motion must state the grounds on which it is based . . . ."); *United States v. Quiroz*, 57 F. Supp. 2d 805, 822-23 (D. Minn. 1999) (denying "boilerplate" motion to suppress for failure to state "specific legal and factual grounds," among other things), *aff'd sub nom. United States v. Vasquez*, 213 F.3d 425 (8th Cir. 2000). To the extent necessary, a Defendant "asserting Fourth Amendment rights must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *United States v. Russell*, 847 F.3d 616, 618 (8th Cir. 2017) (quotations omitted). Conclusory statements made based upon evidence to be adduced at the motions hearing are not sufficient to provide the Court and opposing counsel notice of the issues. Any motion to suppress not meeting these standards may, in the Magistrate Judge's discretion, be recommended for dismissal for lack of specificity, or may be returned to the filing attorney with a direction to cure, within a specified time, particular shortcomings identified by the Magistrate Judge.

19. **TRIAL:**

Parties will receive the remaining dates related to trial by separate Order.

The Court finds that the ends of justice served by setting the motion filing deadline as December 10, 2026, that is, allowing Defendant's counsel sufficient time to obtain and

review discovery, consult with their client, and prepare motions, outweigh the best interests of Defendant and the public in a speedy trial, and consequently excludes time for purposes of computation under the Speedy Trial Act from September 29, 2026 to December 10, 2026.

Dated: November 2, 2026

*s/ Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge